STATE of North Dakota, Plaintiff and Appellant,

v.

Gary SHELDON, Defendant and Appellee.

Cr. No. 776.

Supreme Court of North Dakota.

Nov. 16, 1981.

John Romanick, States Atty., Washburn, for plaintiff and appellant; argued by Romanick.

Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for defendant and appellee; argued by Irvin B. Nodland, Bismarck.

ERICKSTAD, Chief Justice.

This is an appeal by the State of North Dakota, through the McLean County States Attorney, from the May 5, 1981, order of the District Court of McLean County reducing, under Rule 35, N.D.R.Crim.P., the sentence previously imposed upon the defendant, Gary Sheldon, on his conviction for reckless endangerment. We affirm.

The incident leading to Sheldon's conviction occurred on March 19, 1979, when Deputy Sheriffs James Anderson and Douglas Kresbach responded to a request from Sheldon's wife for assistance relating to a domestic disturbance at the Sheldon's mobile home. Upon their arrival Mrs. Sheldon told the deputies that Sheldon had been drinking and had been using physical force against members of the family. The deputies assured Mrs. Sheldon that they would protect her until she could safely leave the mobile home. The ensuing events culminated with Gary firing a shot from a gun resulting in bullet fragments passing through the walls of the mobile home and striking Deputy Anderson in his stomach and hands. Deputy Anderson's resulting wounds were not fatal, and Gary was subsequently charged with attempted murder. During the trial, the court submitted instructions to the jury on the offenses of aggravated assault, simple assault, and reckless endangerment as well as on the offense of attempted murder. The jury returned a verdict of guilty on the offense of reckless endangerment, for which the court subsequently sentenced Gary to a two-year term of incarceration in the State Penitentiary with one year suspended for a period of two years upon his serving one year.

Gary appealed his conviction, and it was affirmed by this Court in *State v. Sheldon*, 301 N.W.2d 604 (N.D.1980). He also filed a petition for writ of certiorari with the United States Supreme Court which was denied. Thereafter, on March 31, 1981, Gary filed a motion for reduction of sentence under Rule 35, N.D.R.Crim.P. By order dated

May 5, 1981, the trial court granted Gary's motion for reduction of sentence and suspended the entire two-year term of incarceration at the State Penitentiary for a period of two years upon certain conditions imposed by the court.

On appeal the State has raised the following issues:

(1) Whether or not the two-year suspended sentence imposed upon Gary is an illegal sentence in violation of Section 12.1–32–02.1, N.D.C.C., which requires that one who, in the course of committing a class C felony, inflicts bodily injury upon another with a firearm must be sentenced to a two-year term of imprisonment and serve such term without benefit of parole; and

(2) Whether or not the trial court abused its discretion upon granting Gary's motion for a reduction of sentence under Rule 35, N.D.R.Crim.P.

In *State v. Rueb*, 249 N.W.2d 506 (N.D. 1976), this Court held that the State has a right to appeal from a trial court's order modifying a sentence under Rule 35, N.D.R. Crim.P., which rule provides:

"The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The sentencing court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by that court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law. Relief under this Rule may be granted by the court only upon motion of a party or its own motion and notice to the parties. If the sentencing court grants relief under this Rule, it shall state its reasons therefor in writing."

On appeal the State asserts that the trial court's modified sentence is an illegal sentence in violation of Section 12.1–32–02.1, N.D.C.C., which provides:

"*12.1–32–02.1 Minimum prison terms for armed offenders.* Notwithstanding any other provisions of this title, minimum terms of imprisonment shall be imposed upon an offender and served without benefit of parole when, in the course of committing an offense, he inflicts or attempts to inflict bodily injury upon another, or threatens or menaces another with imminent bodily injury with a dangerous weapon, an explosive, or a firearm. Such minimum penalties shall apply only when possession of a dangerous weapon, an explosive, or a firearm has been charged and admitted or found to be true in the manner provided by law, and shall be imposed as follows:

1. If the offense for which the offender is convicted is a class A or class B felony, the court shall impose a minimum sentence of four years' imprisonment.

2. If the offense for which the offender is convicted is a class C felony, the court shall impose a minimum sentence of two years' imprisonment."

The State asserts that the provisions of the foregoing section require that Gary serve a minimum sentence of two years imprisonment. We conclude that the provisions of Section 12.1–32–02.1, N.D.C.C., do not apply to the instant case.

It is a well-settled rule of statutory construction that penal statutes should be strictly construed against the government or parties seeking to impose them and in favor of persons on whom they are sought to be imposed. *See, 3 Sutherland Statutory Construction,* § 59.03 (4th Ed. 1974). In this regard, we agree with the following statement of the Minnesota Supreme Court in *State v. Simmons,* 258 N.W.2d 908 (Minn. 1977):

"We believe that in the area of minimum and extended sentences the legislature has an obligation to state its intentions as clearly as possible. When it can-

not be said with certainty that the legislature intended to authorize the imposition of a minimum term or an extended term in a particular situation, the presumption must be that the legislature did not intend to do so." 258 N.W.2d at 910.

■ By its expressed terms, Section 12.1–32–02.1, N.D.C.C., provides:

"Such minimum penalties shall apply only when possession of a dangerous weapon, an explosive, or a firearm has been charged and admitted or found to be true in the manner provided by law, ..."

We construe the foregoing provision to mean that Section 12.1–32–02.1, N.D.C.C., applies only if the possession of a dangerous weapon, an explosive, or a firearm is an essential element of the crime committed or if the trier of fact makes a special finding that in the course of committing the offense the accused was in possession of a dangerous weapon, an explosive, or a firearm.

■ In the instant case, Gary was convicted of the offense of reckless endangerment. Possession of a weapon or firearm is not an element of the offense of reckless endangerment. *See, State v. Kroeplin,* 266 N.W.2d 537 (N.D.1978). The trial court, in its instructions to the jury on the charge of reckless endangerment, made no reference to the use or possession by Gary of a weapon or firearm. Furthermore, the jury was not requested to, nor did it, make a special finding with regard to the use or possession of a firearm by Gary. Accordingly, we hold that the provisions of Section 12.1–32–02.1, N.D.C.C., do not apply to the instant case because possession of a dangerous weapon, an explosive, or a firearm is not an essential element of the offense of reckless endangerment and because the jury, as trier of fact, did not make a special finding with regard to possession of a firearm by Gary in the course of committing the offense of reckless endangerment.

We believe the decision of the Iowa Supreme Court in *State v. Iowa District Court for Shelby County,* 308 N.W.2d 27 (Iowa 1981), although involving a mandatory minimum sentence provision containing language different from that of Section 12.1–32–02.1, N.D.C.C., supports our interpretation of the North Dakota statute.

The mandatory minimum sentence provision of the Iowa Code, Section 902.7, provides:

"At the trial of a person charged with participating in a forcible felony, if the trier of fact finds beyond a reasonable doubt that the person is guilty of a forcible felony and that the person represented that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the forcible felony the convicted person shall serve a minimum of five years of the sentence imposed by law. A person sentenced pursuant to this section shall not be eligible for parole until he or she has served the minimum sentence of confinement imposed by this section." 308 N.W.2d at 29.

In *Shelby County, supra,* the defendant plead guilty to the offenses of assault while participating in a felony and to kidnapping in the third degree. The trial court imposed concurrent sentences of not to exceed five and ten years on the convictions and suspended both sentences. The State appealed contending that the court lacked authority to suspend the sentences and that the court was required by statute to impose a mandatory minimum sentence of five-years imprisonment because the defendant was in possession of a firearm during the commission of the forcible felonies. The Iowa Supreme Court concluded in relevant part:

"The guilty pleas did not waive the requirement of proof of the use of a firearm during the commission of these offenses, however, since this is not an essential element of either crime. *See* §§ 708.3, 710.4, The Code.

"In accepting Petersen's plea of guilty of third-degree kidnapping, Judge Burgett made no finding of fact concerning use of a firearm. The findings are therefore inadequate to support the application of section 902.7 to that conviction.

Judge Burgett specifically found that Petersen was in possession of a firearm during the commission of assault while participating in a felony, however, in accepting his plea of guilty to that offense. This finding of fact has not been challenged by Petersen. We therefore conclude that both of the required tests of section 902.7 were met with respect to the conviction of assault while participating in a felony." 308 N.W.2d at 30.

Although Iowa's mandatory minimum sentence provision is not identical to Section 12.1–32–02.1, N.D.C.C., we believe that the Iowa Supreme Court's interpretation of the Iowa provision supports our construction of 12.1–32–02.1, N.D.C.C., as requiring a special finding that the defendant was in possession of a firearm when that fact is not an essential element of the offense upon which the individual is convicted.

■ The State also asserts that the trial court abused its discretion when it reduced Gary's sentence, under Rule 35, N.D.R. Crim.P., to a suspended two-year term of imprisonment.

This Court has held that it will not set aside a sentence on the ground that the trial court abused its discretion unless the sentence exceeds the statutory limits or the court has substantially relied upon an impermissible factor in determining the severity of the sentence. *State v. Hass*, 268 N.W.2d 456 (N.D.1978). Gary was convicted of reckless endangerment as a Class C felony for which Section 12.1–32–01, N.D. C.C., authorizes a maximum sentence of five years imprisonment, a fine of $5,000, or both. The reduction of Gary's sentence by the trial court to a suspended two-year term of imprisonment is within the statutory limits of Section 12.1–32–01, N.D.C.C., and is consistent with Section 12–53–01, N.D.C.C., which authorizes the suspension of a sentence imposed upon a felony conviction. So, too, the court's reduced sentence is consistent with Section 12.1–32–02, N.D. C.C., which authorizes a court to place a person convicted of a felony on probation, and with Section 12.1–32–07, N.D.C.C., which permits the trial court, in its discretion, to impose conditions of probation.

With regard to the standard of review of a trial court's order modifying a sentence under Rule 35, N.D.R.Crim.P., this Court stated in *State v. Rueb*, 249 N.W.2d 506 (N.D.1976):

"Rule 35 seems to give the sentencing court discretionary power. However, in our view no power is absolute. Case law is replete that the abuse of discretion is grounds for reversal. We believe the discretion vested in the sentencing judge under Rule 35 is not plenary or absolute, but is subject to sound judgment and may not be abused." 249 N.W.2d at 511–512.

In support of his motion for a reduction of sentence, Gary filed with the court letters from friends, business associates, and others, including his spouse at the time of the offense, the sheriff of Oliver County, and the Oliver County justice. They indicate that subsequent to the offense there have been substantial changes in Gary's life. Gary has undergone an alcohol abuse treatment program and has remained sober since its completion. He has obtained a divorce from his wife and has moved to Center, North Dakota, where he lives with his three sons who are attending school there. Gary actively participates in the boys' school activities and has obtained full-time employment. The materials submitted to the court portray that Gary has become an active and settled member of the community with numerous friends and supporters including law enforcement personnel. Having considered this matter, the trial court made the following statement in arriving at its conclusion to reduce Gary's sentence:

"The question still is what price should Gary Sheldon pay for his actions that particular night.

"The Court concluded over a year ago that that price should include, as I recall, a year of incarceration at the state penitentiary. To reach back now and discuss and look at what Mr. Sheldon has accomplished in his life during the process of the appeal could be to say that during a

period of time while this is occurring a person can amass a record, so to speak, prepare himself to make such a motion. I'm confident, however, that in this case that was not done purposefully. Mr. Sheldon's record is admirable, to say the least, since this point in time.

\* \* \* \* \* \*

"I am satisfied that incarceration of the defendant at this point is not warranted. Therefore, the other year is also suspended." [1]

Having reviewed the record before us, we conclude that the trial court did exercise sound judgment in its consideration of Gary's motion and that the court did not abuse its discretion in reducing Gary's sentence under Rule 35, N.D.R.Crim.P. Accordingly, the May 5, 1981, order of the district court is hereby affirmed.

SAND, PAULSON and PEDERSON, JJ., and BAKKEN, District Judge, concur.

BAKKEN, D. J., sitting in place of VANDE WALLE, J., disqualified.

---

1. The following factors included under Section 12.1–32–04, N.D.C.C., to be accorded weight by the trial court in determining the desirability of imposing a sentence of imprisonment, permit the court to consider matters subsequent to the commission of the offense:

    "*12.1–32–04. Factors to be considered in sentencing decision.*—The following factors, or the converse thereof where appropriate, while not controlling the discretion of the court, shall be accorded weight in making determinations regarding the desirability of sentencing an offender to imprisonment:

    \* \* \* \* \* \*

    6. The defendant has made or will make restitution or reparation to the victim of his conduct for the damage or injury which was sustained.

    \* \* \* \* \* \*

    8. The defendant's conduct was the result of circumstances unlikely to recur.

    9. The character, history, and attitudes of the defendant indicate that he is unlikely to commit another crime.

    10. The defendant is particularly likely to respond affirmatively to probationary treatment.

    11. The imprisonment of the defendant would entail undue hardship to himself or his dependents.

    12. The defendant is elderly or in poor health.

    \* \* \* \* \* \*

    14. The defendant cooperated with law enforcement authorities by bringing other offenders to justice, or otherwise cooperated."