**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Herbert O. JENSEN, Defendant and Appellant.**

**Cr. No. 1105.**

Supreme Court of North Dakota.

Sept. 4, 1985.

Edwin F. Zuern, Sp. Asst. Atty. Gen., Office of Director of Institutions, Bismarck, for plaintiff and appellee.

Herbert O. Jensen, Bismarck, pro se.

LEVINE, Justice.

Herbert O. Jensen appeals from an order of the District Court of Wells County denying his application for post-conviction relief. We affirm.

Jensen is an inmate at the North Dakota State Penitentiary. As authorized by the prison rules for its Urinalysis Program, penitentiary officials requested Jensen to provide a urine sample. Jensen refused to do so, and, following a hearing by the Adjustment Committee, he was sanctioned with the loss of four months' "good time" credit.[1] Jensen filed an application for

---

1. "Good time" sentence reduction is accumulat-
ed by inmates in accordance with Chapter 12–

post-conviction relief under Chapter 29–32, N.D.C.C., asserting that the sanctions imposed upon him for refusing to participate in the Urinalysis Program constituted a violation of various of his constitutional and statutory rights. The district court entered an order denying Jensen's application and he has filed this appeal.

In *Hampson v. Satran*, 319 N.W.2d 796 (N.D.1982), this Court determined that the Urinalysis Program administered by the North Dakota State Penitentiary does not violate an inmate's constitutional rights against either unreasonable search and seizure or self-incrimination. In so concluding, this Court stated in relevant part:

"[W]e believe that the urine screening program employed at the North Dakota State Penitentiary is a reasonable attempt to minimize drug usage and drug traffic within the penitentiary. We also note that a similar program has been implemented in the federal prison system. We conclude that the urine screening program, as presently implemented, is a reasonable manner of dealing with the drug problem at the penitentiary, and is not unnecessarily intrusive on the inmates' rights." [Footnote omitted.] 319 N.W.2d at 798–799.

Jensen has failed to raise any meritorious ground upon which we might conclude, contrary to our decision in *Hampson, supra*, that the Urinalysis Program, as administered by the State Penitentiary officials, is violative of inmates' constitutional or statutory rights.

■ Jensen asserts that the Urinalysis Program violates Title II of the National Research Act, "Protection of Human Subjects of Biomedical and Behavioral Research," [National Research Act, Pub.L. No. 93–348, §§ 201–205, 88 Stat. 342, 348–351 (1974)], and federal regulations pertaining specifically to biomedical and behavioral research involving prisoners [45 C.F.R. §§ 46.301–.306 (1984)]. The statute and regulations thereunder establish guidelines for the protection of human subjects of biomedical and behavioral research. The Urinalysis Program at the North Dakota State Penitentiary does not in any sense constitute "research" which falls within the coverage of the National Research Act or the relevant regulations.

■ Jensen also alleges that a November 14, 1984, directive from the warden increasing penalties for drug offenses was not approved by the Director of Institutions, as required by Section 12–47–12, N.D.C.C. The 1984 Inmate Handbook, containing rules and regulations of the State Penitentiary and bearing the signatures of the warden and the Director of Institutions, provides that an inmate who refuses to submit a urine sample will lose four months' "good time" for a first offense. The November 14, 1984, rule increased the sanction for a first violation to "15 days in Disciplinary Segregation and a minimum of a loss of 6 months' good time." Jensen's refusal to provide a urine sample occurred on October 30, 1984, two weeks before the new rule took effect, and Jensen was sanctioned with loss of four months' good time. It is therefore obvious that the increased penalty provisions of the November 14, 1984, rule were not applied to Jensen, and he has not been injured or otherwise affected by that provision. Consequently, it is unnecessary for us to determine the validity of the rule in this case.[2]

We conclude that the other "issues" raised by Jensen on this appeal are also entirely without merit and warrant no fur-

---

54.1, N.D.C.C. For Jensen, who was originally sentenced to serve thirty years, the loss of four months' good time equates to forty days of actual incarceration. Section 12–54.1–01, N.D.C.C.

2. Although we conclude that the November 14, 1984, rule was not applied to Jensen and is therefore irrelevant to this appeal, we would urge that a more formal procedure be adopted to ensure compliance with Section 12–47–12,

N.D.C.C. Counsel for the warden advised us at oral argument that the rule had been orally approved by the Director of Institutions. A more formal procedure for approval would clearly be preferable, and would perhaps prevent future challenges to the validity of rules based upon Section 12–47–12. *Cf., Jensen v. Satran*, 332 N.W.2d 222, 226 (N.D.1983); *Matz v. Satran*, 313 N.W.2d 740, 742 (N.D.1981).

ther discussion. Accordingly, the order of the district court denying Jensen's request for post-conviction relief is hereby affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ.