**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Herbert O. JENSEN, Defendant and Appellant.**

Cr. No. 880125.

Supreme Court of North Dakota.

Sept. 20, 1988.

Herbert O. Jensen, Bismarck, pro se.

Vincent A. LaQua (appearance), States Atty., Fessenden, for plaintiff and appellee.

Edwin F. Zuern (argued), Office of the Director of Institutions, Bismarck, for plaintiff and appellee.

ERICKSTAD, Chief Justice.

This is the eighth time we have considered matters involving Herbert O. Jensen. See *State v. Jensen,* 373 N.W.2d 902 (N.D.1985), *Jensen v. State,* 373 N.W.2d 894 (N.D.1985), *State v. Jensen,* 333 N.W.2d 686 (N.D.1983), *State v. Jensen,* 282 N.W.2d 55 (N.D.1979), *State v. Jensen,* 265 N.W.2d 691 (N.D.1978), *State v. Jensen,* 251 N.W.2d 182 (N.D.1977), and *State v. Jensen,* 241 N.W.2d 557 (N.D.1976), for background information leading to this appeal.

Jensen was convicted on two counts of murder in the second degree. He appealed the original convictions, this Court reversed and remanded for a new trial, *State v. Jensen*, 251 N.W.2d 182 (N.D.1977), and Jensen was again found guilty on both counts. Jensen was sentenced to twenty years' imprisonment on each count, with an additional ten years' confinement on each count as a dangerous special offender. The sentences were ordered served concurrently. The convictions following the new trial were upheld on appeal by this Court. *State v. Jensen*, 282 N.W.2d 55 (N.D.1979).

When Jensen was not successful in state court he sought relief in the federal court. On grounds not explained in his brief nor appearing in the judgment role, Jensen petitioned the United States Supreme Court for a writ of certiorari. When certiorari was denied by that court, Jensen brought a motion in state district court for a reduction of sentence under Rule 35(b) of the North Dakota Rules of Criminal Procedure. Jensen asked the Court to modify his sentence by ordering all judgments to run concurrently so as to make the total sentences twenty years rather than thirty years. Jensen asserts his discharge date would then be April 20, 1989, as compared to his present discharge date, with good time, of February 11, 1996. The district court dismissed the motion as untimely and without merit. Jensen appeals from this dismissal. We affirm.

On appeal Jensen asserts six issues in his brief and three more in oral argument.

The timeliness of the motion under Rule 35(b), N.D.R.Crim.P., is the only new issue Jensen presents. All the rest of Jensen's contentions appear to have been disposed of by this Court in earlier proceedings and several are not properly before us as Jensen did not raise them in his Rule 35(b) motion to the district court.

Jensen's first contention concerns his motion for reduction of sentence under Rule 35(b), N.D.R.Crim.P. Rule 35(b) provides in relevant part:

"The sentencing court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by that court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or *within 120 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding a judgment of conviction* or probation revocation." [Emphasis added.]

Jensen claims his motion is timely because it was brought within 120 days after the United States Supreme Court denied certiorari.

Rule 35(b) was derived from the corresponding federal rule.[1] We may therefore look to the legislative history of the federal rule and interpretive federal caselaw for guidance in construing our rule. *See Union State Bank v. Woell*, 357 N.W.2d 234, 235–37 (N.D.1984).

Rule 35(b) is essentially a plea for leniency. *Poole v. United States*, 250 F.2d 396, 401 (D.C.Cir.1957). This plea for lenience is addressed to the discretion of the sentencing court, and may be granted if the court decides that the sentence originally imposed, for any reason, was unduly severe. Wright, Federal Practice and Procedure: Criminal, § 586, p. 568 (1968).

The 120 day time limitation stated in Rule 35(b) is not discretionary but jurisdic-

1. Rule 35(b) of the Federal Rules of Criminal Procedure was amended in 1984 and now reads:
   "*Correction of Sentence for Changed Circumstances.* The court, on motion of the Government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court's authority to lower a sentence under this subdivision includes the authority to lower such sentence to a level below that established by statute as a minimum sentence.
   (As amended Feb. 28, 1966, eff. July 1, 1966; Apr. 30, 1979, eff. Aug. 1, 1979; Apr. 28, 1983, eff. Aug. 1, 1983; Oct. 12, 1984, Pub.L. 98–473, Title II, § 215(b), 98 Stat. 2015; Apr. 29, 1985, eff. Aug. 1, 1985; Oct. 27, 1986, Pub.L. 99–570, Title X; § 1009, 100 Stat. 3207–8.)"

tional and cannot under any circumstances be extended by the court. *United States v. Gonzalez-Perez*, 629 F.2d 1081, 1083 (5th Cir.1980). The purpose of the time constraint is that "[s]ome limitation on jurisdiction to seek a reduction of sentence is necessary to protect the district judges from repeated entreaties by a defendant to change a penalty." *Id.* [Cites omitted.] "Rule 35 is intended to establish 'clear lines of demarcation so that all concerned would know exactly when the time for filing would expire.'" *Id.* [Cite omitted.] "A defendant through his own volition cannot confer jurisdiction to reduce sentence on the district court by purporting to activate a new 120-day period through the filing of a pleading years after the case is essentially over." *Id. See United States v. Kirk*, 761 F.2d 463 (8th Cir.1985) (holding that the 120-day period ran from the original sentence in 1975 or the Supreme Court's denial of certiorari in 1977 and not from any subsequent event.)

■ Jensen was convicted, and that conviction upheld on appeal, in 1979. He applied to the United States Supreme Court for certiorari and was denied in 1988. We do not construe the language of Rule 35(b) to permit a motion for reduction of sentence some nine years after that sentence is imposed. We therefore hold that Jensen's Rule 35(b) motion for reduction of sentence is not timely.

An issue not raised in the trial court is generally not reviewable by this Court unless the issue constitutes "obvious error" under Rule 52(b), N.D.R.Crim.P. *State v. Kopp*, 419 N.W.2d 169, 172 (N.D.1988) (citing *State v. Miller*, 388 N.W.2d 522 (N.D. 1986)). Our authority to notice obvious error is exercised cautiously and only in exceptional situations where the defendant has suffered serious injustice. *Id.* None of Jensen's claims approach the level of obvious error. However, a short discussion of those issues is appropriate in the interests of justice.

■ Jensen's second contention is that he is protected under section 12.1-01-01(2), N.D.C.C.[2] This issue was disposed of in *State v. Jensen*, 333 N.W.2d 686, 694 (N.D. 1983). In that case we said:

"[A]lthough § 12.1-01-01(2), N.D.C.C., states that the provisions of Title 12.1 do not apply to offenses committed prior to its effective date, § 12.1-01-01(3)(b), N.D.C.C., provides for the following exception:

'3. In cases pending on or after the effective date of this title, and involving offenses committed prior thereto:

.    .    .    .    .

'b. The court, with the consent of the defendant, may impose sentence under the provisions of this title which are applicable to the offense and the offender.'"

Jensen had elected to be sentenced under the provisions of the new criminal code. *State v. Jensen*, 251 N.W.2d 182, 185 (N.D. 1977). As Jensen's case came within the exception and he had asked to be sentenced under the new criminal code, this Court found that he had waived his argument that the dangerous special offender statute as applied to him operated as an unconstitutional *ex post facto* law. Furthermore, as Jensen did not raise this issue in conjunction with his Rule 35(b) motion before the district court it is not properly before us.

Jensen's third claim is that he was not given the protection of section 12-06-06, N.D.C.C.[3] Jensen raised this issue in his brief filed with the request for a writ of habeas corpus. Brief of Petitioner at 6, 8-9, *Jensen v. State*, 373 N.W.2d 894 (N.D. 1985). The Court in *Jensen v. State*, 373 N.W.2d at 901, did not address the issue because it concluded this issue, along with many others, was "totally devoid of merit and do[es] not warrant discussion."

Jensen's fourth assertion is that the Assistant Attorney General perpetuated fraud

---

2. Section 12.1-01-01(2), N.D.C.C. provides:
   "This title, *except as provided in subsection 3*, shall not apply to offenses committed prior to its effective date. Prosecutions for such offenses shall be governed by prior law, which is continued in effect for that purpose. For the purposes of this section, an offense was

committed prior to the effective date of this title if any of the elements of the offense occurred prior thereto." [Emphasis added.]

3. Chapter 12-06, N.D.C.C., titled "Punishments" was repealed by S.L.1973, ch. 116, § 41.

when the law was not followed when the dangerous special offender was pronounced. [Section 12.1–32–09(3), N.D. C.C.][4] Jensen has appealed the dangerous special offender sentence numerous times. This Court disposed of these issues in *State v. Jensen,* 333 N.W.2d 686, 695–96 (N.D. 1983).

■ Jensen's fifth contention is that his sentence is illegal. When Jensen applied for a writ of habeas corpus, he claimed his conviction was invalid or illegal. This Court quashed the writ and found all issues totally devoid of merit. *Jensen v. State,* 373 N.W.2d 894, 901 (N.D.1985). This issue is also not properly before us as Jensen did not raise it in his Rule 35(b) motion to the district court.

■ Jensen's sixth assertion is that the federal statute providing for increased sentence for dangerous special offenders was prospectively repealed (Title 18, section 3575). As Jensen was sentenced under state law and not under federal law, it is difficult to understand how his state sentence could be affected by that repeal. Again, this issue is not properly before us as it was not raised in the Rule 35(b) motion to the district court.

Jensen's seventh claim is that *State v. Sheldon,* 312 N.W.2d 367 (N.D.1981) is applicable. (Sheldon's motion under Rule 35 for a reduction of sentence was granted.) *Sheldon* does not involve the issue of whether or not a Rule 35(b) motion is timely if made within 120 days of denial of certiorari by the United States Supreme Court, but many years after the original conviction. It therefore has no bearing on this case.

Jensen's eighth contention is that he was not afforded compulsory process because no attempt was made by his counsel to cross-examine witnesses or to find witnesses in support of his case. The issue of effective assistance of counsel which we consider to be the essence of this assertion was disposed of in *State v. Jensen,* 333 N.W.2d 686, 697 (N.D.1983).

Jensen's final assertion is that the dangerous special offender sentence constitutes double jeopardy. A similar allegation was raised by Jensen in an earlier brief, though not in his Rule 35(b) motion to the district court. Appellant's Brief at 21, *State v. Jensen,* 333 N.W.2d 686 (N.D. 1983). This Court did not discuss this issue or 43 others raised therein but disposed of all of them by saying they were "totally without merit and provide no bases for post-conviction relief." *State v. Jensen,* 333 N.W.2d at 697.

For the reasons stated herein, the order of the district court is affirmed.

GIERKE and MESCHKE, JJ., concur.

LEVINE, J., concurs in the result.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of VANDE WALLE, J., disqualified.

VERNON R. PEDERSON, Surrogate Justice, concurring in the results.

The pertinent words in Rule 35(b) NDRCrimP are: "The sentencing court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by that court of a mandate issued upon affirmance of the judgment or dismissal of

---

4. Section 12.1–32–09(3), N.D.C.C., provides:

"3. Whenever an attorney charged with the prosecution of a defendant in a court of this state for an alleged felony committed when the defendant was over the age of eighteen years has reason to believe that the defendant is a dangerous special offender, such attorney, at a reasonable time before trial or acceptance by the court of a plea of guilty, may sign and file with the court, and may amend, a notice specifying that the defendant is a dangerous special offender who upon conviction for such felony is subject to the imposition of a sentence under subsection 2, and setting out with particularity the reasons why such attorney believes the defendant to be a dangerous special offender. In no case shall the fact that the prosecuting attorney is seeking sentencing of the defendant as a dangerous special offender be disclosed to the jury. If the court finds that the filing of the notice as a public record may prejudice fair consideration of a pending criminal matter, it may order the notice sealed and the notice shall not be subject to subpoena or public inspection during the pendency of such criminal matter, except on order of the court, but shall be subject to inspection by the defendant alleged to be a dangerous special offender and his counsel."

the appeal, or within 120 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding a judgment of conviction or probation revocation."

By an order dated February 22, 1988, the United States Supreme Court denied Jensen's petition for a writ of certiorari.

On April 13, 1988, the trial court denied Jensen's petition for a reduction of sentence because "The Petition is, on its face, untimely and without merit."

In my opinion, the language of the rule is clear, the petition was not untimely. The trial court found the petition to be "without merit," and it is not incumbent upon the trial court to state its reason for denying a motion for reduction of sentence. Rule 35 explanatory note. For this reason, the order is appropriately affirmed.

This rule aught not allow a reduction in sentence over twelve years after sentence was imposed, and should be amended to reflect the intent to establish "clear lines of demarcation so that all concerned would know exactly when the time for filing would expire," as pointed out by the Chief Justice.