STATE of North Dakota, Plaintiff
and Appellant,

v.

Thomas E. HANSON, Defendant
and Appellee.

Cr. No. 890299.

Supreme Court of North Dakota.

March 1, 1990.

Tom M. Henning (argued), Asst. States Atty., Dickinson, for plaintiff and appellant.

William G. Heth (argued), Dickinson, for defendant and appellee.

MESCHKE, Justice.

The State of North Dakota appealed from an order of the district court reducing a criminal sentence. We reverse because the district court acted too late.

Thomas E. Hanson pleaded guilty to two counts of gross sexual imposition, class B felonies, following a plea agreement which dismissed four counts of gross sexual imposition, class A felonies. On November 10, 1988, Hanson was sentenced to serve concurrent six-year terms in the penitentiary with two years suspended.

On February 8, 1989, Hanson timely moved to reduce his sentence pursuant to NDRCrimP 35(b).[1] Eight days later, the State opposed the motion. On July 20, more than 250 days after the sentence was imposed, the trial court granted Hanson's motion and suspended an additional two years on each count. The effect was to reduce Hanson's six-year sentence to two years in the penitentiary and four years suspended. The trial court denied the State's motion to reconsider, explaining that it had awaited "receipt of critical information" and reasoning:

> If a motion is filed within the 120 day period, then the time limit is directory only, rather than jurisdictional, and the

---

1. NDRCrimP 35(b):

 *Reduction of Sentence.* The sentencing court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by that court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding a judgment of conviction or probation revocation. Changing a sentence from a sentence of incarceration to a grant of probation constitutes a permissible reduction of sentence under this subdivision. Relief under this Rule may be granted by the court only upon motion of a party or its own motion and notice to the parties. If the sentencing court grants relief under this Rule, it shall state its reasons therefor in writing.

Court may consider and act upon the motion at any reasonable time, including after the 120 day period has expired. The State appealed.

 The State argued that NDRCrimP 35(b)

> require[d] any reduction of sentence in this case to have been completed within 120 days from date of imposition of sentence, and, that failure to make such a reduction within 120 days left the sentencing court without any jurisdiction with which to effect a modification of the sentence.

The State pointed to the explanatory note with NDRCrimP 35: "It should be noted that the period is not defined as the time in which the motion may be made, but is rather the time in which the court may act. Technically, this permits the court's failure to act upon a motion, to preclude relief. (8A Moore's, supra, ¶ 35.02(2).)" According to the State, the plain language of the rule allows a sentencing court to reduce a sentence only "within 120 days after the sentence is imposed...."

Hanson responded that the trial court must have continuing jurisdiction beyond the 120-day time when a timely motion has been made. He cited a quotation by this court in *State v. Jensen*, 429 N.W.2d 445, 447 (N.D.1988), which seemed to say that time was important for filing the motion: "'Rule 35 is intended to establish "clear lines of demarcation so that all concerned would know exactly when the time for filing would expire."'" Since his motion was made timely, Hanson argued that the trial court had power to reduce his sentence.

Hanson's reliance on dictum in *Jensen* is misplaced. *Jensen* dealt with an untimely Rule 35(b) motion which was made long after the 120–day time limit imposed by the rule. The quoted phrase in *Jensen* was imprecise and our use of it was not intended to alter the meaning of Rule 35(b).

We explained in *Jensen* that "Rule 35(b) was derived from the corresponding federal rule.[] We may therefore look to ... interpretive federal caselaw for guidance in construing our rule." 429 N.W.2d at 446. *Jensen* summarized the jurisdictional effect of Criminal Rule 35(b) as federally interpreted: "The 120 day time limitation stated in Rule 35(b) is not discretionary but jurisdictional and cannot under any circumstances be extended by the court. *United States v. Gonzalez–Perez*, 629 F.2d 1081, 1083 (5th Cir.1980)." *Id.* at 446–47. The plain language of NDRCrimP 35(b), emphasized in its explanatory note, means that the failure of a sentencing court to act within 120 days forecloses its power to reduce a criminal sentence. *See also State v. Rueb*, 249 N.W.2d 506 (N.D.1976); *State v. Meier*, 440 N.W.2d 700, 703 (N.D.1989). By acting to reduce Hanson's sentence more than 120 days after sentencing, the trial court's interpretation of the rule was incorrect.

 While our ruling negates the trial court's power to reduce Hanson's penitentiary sentence, there remains another, nonjudicial, and specialized body with power to shorten his penitentiary time. The parole board must consider Hanson's sentence within one year after his incarceration in the penitentiary and "at such intervals thereafter as it may determine." NDCC 12–59–05.[2] Also, Hanson may apply to the parole board at any time. NDCC 12–59–08.[3] Unless a mandatory minimum term of

---

**2.** NDCC 12–59–05:

> *Consideration by board—Guarantee.* At a meeting to be determined by the parole board, within one year after a prisoner's admission to the penitentiary, or within six months after the prisoner's admission to the state farm, at such intervals thereafter as it may determine and by application pursuant to section 12–59–08, the board may deny or grant parole or continue consideration to another meeting. The board shall consider all pertinent information regarding each prisoner, including the circumstances of the offense,

the presentence report, the previous social history and criminal record, the conduct, employment, and attitude in prison, and the reports of such physical and mental examinations as have been made.

**3.** NDCC 12–59–08:

> *Application for parole—Hearing—Emergency paroles.* All applications for parole shall be filed with the clerk of the board. Applications may be heard at a meeting to be determined by the parole board, after the initial consideration guaranteed by section 12–59–

imprisonment has been imposed (for example, *see* NDCC 12.1–32–02.1), the parole board has broad powers to release a penitentiary inmate on parole.

We reverse the trial court and reinstate Hanson's criminal sentence of November 10, 1988.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.

05. In the event of an emergency application, the ex officio members of the board of pardons, acting as authorized by section 12–55–04, may, in accordance with section 12–55–19, grant such emergency parole. Thereafter the parolee shall be under the supervision and jurisdiction of the parole board.