2003 ND 116

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Duane F. STEEN, Defendant and Appellant.**

Nos. 20020355–20020360.

Supreme Court of North Dakota.

July 16, 2003.

Rehearing Denied Aug. 20, 2003.

Linda L. Hickman, State's Attorney, Williston, ND, for plaintiff and appellee.

LeRoy P. Anseth, Williston, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Duane F. Steen ("Steen") appeals from a district court order vacating a Rule 35(b), N.D.R.Crim.P., reduction in sentence. We conclude the district court act-

ed beyond the 120–day period permitted by Rule 35(b); therefore, the district court did not have the power to reduce Steen's criminal sentence. The district court order vacating Steen's sentence reduction is affirmed.

## I

[¶ 2]   Steen pled guilty to three charges of possession of a controlled substance, class C felonies; simple assault, a class C felony; delivery of a controlled substance (methamphetamine), a class AA felony; and attempt (manufacturing a controlled substance-methamphetamine), a class B felony.   On June 27, 2002, criminal judgments were entered for each of the six cases and Steen was sentenced.   On July 12, 2002, the court amended five of the six judgments, specifying the number of days of credit for time served Steen was to receive for each case; the court did not address the judgment pertaining to the class AA felony, delivery of a controlled substance.

[¶ 3]   On October 10, 2002, Steen moved under Rule 35(b), N.D.R.Crim.P., for a sentence reduction.[1]   On November 12, 2002, the court granted the motion in part, reducing Steen's sentence for the class AA felony from 20 years incarceration with 10 years suspended to 20 years incarceration with 18 years suspended for five years from the date of release on the class C felonies.   The sentences in the other convictions were to remain as previously ordered.

[¶ 4]   On November 26, 2002, the State moved to vacate the November 12, 2002,

order, arguing the court was without jurisdiction to reduce Steen's sentence because the order was entered after the 120–day period mandated by Rule 35(b), N.D.R.Crim.P.   On December 11, 2002, the court vacated its November 12, 2002, order and denied Steen's motion for a sentence reduction.   Steen appeals.

## II

[¶ 5]   " 'The right of appeal in this state is statutory and is a jurisdictional matter.' "   *State v. Owens*, 1997 ND 212, ¶ 6, 570 N.W.2d 217 (quoting *Bland v. Comm'n on Med. Competency*, 557 N.W.2d 379, 384 (N.D.1996)).   In criminal cases, the right to appeal is governed by N.D.C.C. ch. 29–28.   *Id.*   Under N.D.C.C. § 29–28–06(5), a defendant may appeal from "[a]n order made after judgment affecting any substantial right of the party."

[¶ 6]   In this case, the State moved to vacate the district court order reducing Steen's sentence, asserting the court was without jurisdiction to reduce Steen's sentence.   The State's motion to vacate the district court order was in the nature of a N.D.R.Crim.P. 35(a) motion to correct an illegal sentence.   This Court has concluded correction of an illegal sentence under N.D.R.Crim.P. 35(a) involves a substantial right and is appealable.   *See State v. Nace*, 371 N.W.2d 129, 131 (N.D.1985); *see also Owens*, at ¶ 8 n. 3 (stating "[t]he holding in *Nace* has been superceded in part by legislation, *see* NDCC 12.1–32–06.1, but its holding about challenging an illegal sentence is still sound.   *DeCoteau v. State*,

---

**1.**   Steen's motion listed five criminal case numbers and did not include the case number for the class AA felony, delivery of a controlled substance.   The State's response to the motion referenced all six case numbers as did the district court's order reducing Steen's sentence on the class AA felony.   The State conceded at oral argument there was no ques-

tion which cases were at issue and considered the omission a clerical mistake.   Under N.D.R.Crim.P. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

504 N.W.2d 552, 556 (ND 1993)"). The district court ordered Steen's sentence reduction vacated after the State filed a motion, characterized as a Rule 35(a), N.D.R.Crim.P., motion, to correct a sentence issued without jurisdiction; therefore, Steen has a right to appeal the order issued under Rule 35(a), N.D.R.Crim.P. *See Owens*, at ¶ 8 (stating an order made by the district court following a motion brought under N.D.R.Crim.P. 35(a) is appealable by a criminal defendant).

### III

[¶ 7] Steen argues the district court order reducing his sentence was issued within the prescribed period of time set out in Rule 35(b), N.D.R.Crim.P. Steen asserts the calculation for the 120–day period under Rule 35(b), N.D.R.Crim.P., should begin on July 12, 2002, the date of the order amending most of the judgments.

[¶ 8] Rule 35(b), N.D.R.Crim.P., provides:

(b) Reduction of sentence. The sentencing court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by that court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding a judgment of conviction or probation revocation. Changing a sentence from a sentence of incarceration to a grant of probation constitutes a permissible reduction of sentence under this subdivision. Relief under this rule may be granted by the court only upon motion of a party or its own motion and notice to the parties. If the sentencing court grants relief under this rule, it shall state its reasons therefor in writing.

The explanatory notes to Rule 35(b), N.D.R.Crim.P., state: "the period is not defined as the time in which the motion may be made, but is rather the time in which the court may act. Technically, this permits the court's failure to act upon a motion, to preclude relief. (8A Moore's, supra, ¶ 35.02(2), pp. 35–5 and 35–6.)"

[¶ 9] In *State v. Hanson*, 452 N.W.2d 329, 330 (N.D.1990), this Court noted "[t]he plain language of NDRCrimP 35(b), emphasized in its explanatory note, means that the failure of a sentencing court to act within 120 days forecloses its power to reduce a criminal sentence." This Court further suggested that although the district court did not have power to reduce a defendant's sentence after 120 days, a defendant may apply to the parole board at any time to shorten the term of imprisonment. *Id.*

[¶ 10] In this case, the district court reduced Steen's sentence for the class AA felony, delivery of a controlled substance. The criminal judgment for this charge was entered on June 27, 2002, and was not referenced in the July 12, 2002, order amending the other judgments. One hundred and thirty-eight days passed from June 27, 2002, to November 12, 2002, the date the district court acted on Steen's Rule 35(b) motion. Because the district court did not act on Steen's Rule 35(b) motion within 120 days, the court did not have the power to reduce Steen's criminal sentence. N.D.R.Crim.P. 35(b); *Hanson*, at 330.

[¶ 11] Steen argues the district court acted on his Rule 35(b), N.D.R.Crim. P., motion within the time period allowed by the rule because the 120–day period should begin on July 12, 2002, and three days for mailing should be added to the

120–day period. Although Rule 45(e), N.D.R.Crim.P., provides for additional time for mailing, this argument is not helpful to Steen because the 120–day period set under Rule 35(b), N.D.R.Crim.P., is the time within which the court can act. Rule 45(e) provides: "[w]henever *a party* has the right or is required to do an act within a prescribed period" and the party receives notice by mail, three days should be added to the prescribed period. N.D.R.Crim.P. 45(e) (Emphasis added). N.D.R.Crim.P. 45(e) does not apply to the time within which the court can act. Even if we assume, without deciding, the period of time commencing the 120–day period set out in N.D.R.Crim.P. 35(b) began on July 12, 2002, the court still acted too late because 123 days had passed. *See* N.D.R.Crim.P. 35(b); *Hanson,* at 330.

[¶ 12] Steen argues, even if the court acted beyond the 120–day period, equity permits an extension of the 120–day period prescribed in Rule 35(b), N.D.R.Crim.P. Rule 45(b), N.D.R.Crim.P., permits a court, in some circumstances, to enlarge a period of time specified by the rules:

(b) Enlargement. When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if a request for enlargement is made before expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after expiration of the specified period permit the act to be done if the failure to act was the result of excusable neglect; *but the court may not extend the time for taking any action under Rules 29, 33, 34, 35, and 37, except to the extent and under the conditions stated in them.*

(Emphasis added). Steen filed his motion to reduce his sentence under N.D.R.Crim.P. 35(b); therefore, N.D.R.Crim.P. 45(b) specifies that the court may not increase the 120–day period mandated by Rule 35(b), N.D.R.Crim.P.

## IV

[¶ 13] Steen argues, because the State failed to raise the issue of jurisdiction until after the district court issued its order, it should be barred from asserting the claim.

[¶ 14] Whether a court has subject matter jurisdiction is a question which can be raised at any time, even of a court's own accord. *City of Grand Forks v. Thong,* 2002 ND 48, ¶ 9, 640 N.W.2d 721. "A judgment or order entered without the requisite jurisdiction is void." *Albrecht v. Metro Area Ambulance,* 1998 ND 132, ¶ 11, 580 N.W.2d 583. The district court reduced Steen's sentence more than 120 days after Steen's sentence was imposed and it did not have the power at that time to reduce a criminal sentence. *State v. Hanson,* 452 N.W.2d 329, 330 (N.D.1990). The district court was without jurisdiction to act on Steen's Rule 35(b), N.D.R.Crim. P., motion after 120 days and properly vacated its order.

## V

[¶ 15] We conclude the district court acted beyond the 120–day period permitted by N.D.R.Crim.P. 35(b); therefore, the district court did not have the power to reduce Steen's criminal sentence. The district court order vacating Steen's sentence reduction is affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.