# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)　　　　ID No. 1005003025
　　　　　　　　　　　　　　　)
DEVON D. REED,　　　　　　　 )
　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　 )

Submitted: November 26, 2014
Decided: December 16, 2014

## ORDER DENYING THIRD MOTION TO REDUCE SENTENCE

This 16th day of December, 2014, upon consideration of the Defendant's Motion for Sentence Reduction/Modification, and the record in this matter, it appears to the Court that:

(1)　In May 2011, Devon D. Reed pleaded guilty to reckless endangering first degree (as a lesser offense of attempted murder) and possession of a firearm by a person prohibited.[1]　He was immediately

---

[1]　DEL. CODE ANN. tit. 11, § 604 (2010) (reckless endangering in the first degree); *id.* at § 1448 (possession of a firearm by a person prohibited).　As part of the same agreement, Reed pleaded guilty also to possession with intent to deliver heroin arising from a different indictment.　*See* Plea Agreement and Sentencing Order, *State v. Devon D. Reed*, ID Nos. 1005003025 & 1005013493 (Del. Super. Ct. May 24, 2011).

sentenced to serve for the reckless endangering count[2] five years at Level V suspended for 18 months at supervision Level III.[3]

(2)    On October 23, 2013, Reed was before the Court for a contested hearing for violating conditions of his probated sentence ("VOP"). He was found in violation and was sentenced to three years at Level V with no probation to follow[4] for the VOP related to his reckless endangering charge.[5]

(3)    Reed's serial efforts to reduce that Level V sentence ensued. This is his third attempt in the last six months to do so.

(4)    In June 2014, Reed docketed his first motion under Superior Court Criminal Rule 35(b) requesting reduction of this Level V term.[6]  Reed

---

[2]    The sentences for weapon and drug charges are not contested in this proceeding.

[3]    DEL. CODE ANN. tit. 11, § 4205(b)(5) (2010) (providing for a sentence of up to 5 years at Level V for a class E felony).

[4]    *See* VOP Sentencing Order, *State v. Devon D. Reed*, ID Nos. 1005003025 & 1005013493 (Del. Super. Ct. Oct. 23, 2013) (the VOP sentence for Reed's drug charge is 5 years of imprisonment fully suspended for probation).

[5]    By this time, his weapons sentence had been completely served and discharged. *See* Sentencing Order, *State v. Devon D. Reed*, ID Nos. 1005003025 & 1005013493 (Del. Super. Ct. May 24, 2011) (For his possession of a firearm by a person prohibited conviction, Reed received a 3-year term of imprisonment with no subsequent suspended term).  And again, the VOP sentence for the drug charge is not contested in this proceeding.  *Id.* (the VOP sentence for Reed's drug charge is 5 years of imprisonment fully suspended for intensive probation).

[6]    Super. Ct. Crim. R. 35(b) (providing that the court "may reduce a sentence of imprisonment" on an inmate's motion).

captioned and explained his claims that his term of imprisonment should be reduced as follows: (1) "Remorse and a Desire to Change" – for the first time he experienced a sense of loss with incarceration and "realize[d] now that [he] need[ed] help;" (2) "Rehabilitation" – he had always had a substance abuse problem but never had any form of treatment; and (3) "Plans & Goals" – he planned to complete a substance abuse program in prison and get a GED.[7] Reed moved that his Level V term for this VOP be reduced to successful completion of the Level V substance abuse treatment program that had been ordered in a separate case.[8] The Court fully reviewed the sentencing records of both cases and denied Reed's motion.[9]

(5) Less than two weeks after that denial, Reed docketed his second Rule 35(b) motion, again requesting reduction of the same Level V term. Reed then captioned and explained his claims thusly: (1) "Excessive Time" – Reed complained that his 3-year VOP sentence was "outside of the

---

[7] D.I. 35.

[8] In August of 2013, while Reed was on this probation for reckless endangering and possession with intent to deliver heroin, he was arrested for drug dealing-heroin and tampering with physical evidence. Reed was convicted of those offenses and sentenced as a statutory habitual criminal offender. *See* DEL. CODE ANN. tit. 11, § 4214(a) (2013). Reed, as a condition of that sentence, must complete an intensive substance abuse treatment program while imprisoned. Sentencing Order, *State v. Devon D. Reed*, ID No. 1308004342 (Del. Super. Ct. Mar. 21, 2014).

[9] *State v. Devon D. Reed*, Del. Super., ID No. 1005003025, Wallace, J. (June 20, 2014) (Order – denying first Rule 35(b) motion) (D.I. 36).

sentencing guidelines;" (2) "Education" – he was working toward obtaining his GED or high school diploma; and (3) "Rehabilitation" – the 3-year VOP Level V term was not suspended for successful completion of the Level V substance abuse treatment program that was ordered in his separate case. Reed asked that his Level V term for this VOP be cut in half.[10] The Court denied that second motion.[11]

(6)     Reed has now filed his third sentence reduction motion in six months requesting reduction of his three-year Level V term. Reed's claims therein are familiar: (1) "Excessive Time;" (2) "Rehabilitation;" and (3) "Employment" – he was employed and supporting children before his re-incarceration.

(7)     Just as it was constrained to with his prior motions, the Court must consider Reed's present entreaty under the provisions of Criminal Rule 35(b).[12] The Court may consider such a motion "without presentation,

---

[10]     D.I. 37.

[11]     *State v. Devon D. Reed*, Del. Super., ID No. 1005003025, Wallace, J. (Oct. 2, 2014) (Order – denying second Rule 35(b) motion) (D.I. 38).

[12]     *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

hearing or argument."[13] The Court will decide Reed's motion on the papers filed.

(8) The intent of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[14] Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[15] The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate.[16] But there are certain procedural requirements under the rule that must be met; relief is barred when they are not.

---

[13] Super. Ct. Crim. R. 35(b).

[14] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[15] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[16] *See United States v. Ellenbogen*, 390 F.2d 537, 541, 543 (2d Cir. 1968) (explaining time limitation and purpose of then-extant sentence reduction provision of Federal Criminal Rule 35, the federal analogue to current Superior Court Criminal Rule 35(b)); *see also United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973) (Rule 35 allows sentencing court "to decide if, on further reflection, the original sentence now seems unduly harsh" such request "is essentially a 'plea for leniency.'") (citations omitted). *See also State v. Tinsley*, 928 P.2d 1220, 1223 (Alaska Ct. App. 1996) (explaining under Alaska's then-extant120-day rule court's "authority can be exercised even when there is no reason to reduce the sentence other than the judge's decision to reconsider and show mercy").

(9) The first is timeliness.[17] Rule 35(b) requires that applications to reduce imprisonment be filed promptly[18] – i.e. within 90 days of the sentence's imposition – "otherwise, the Court loses jurisdiction" to act thereon.[19] An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must demonstrate "extraordinary circumstances."[20]

(10) Also found in Rule 35(b) is a separate and more unforgiving bar: "[t]he [C]ourt *will not* consider repetitive requests for reduction of

---

[17] Super. Ct. Crim. R. 35(b) ("The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."). *See* ABA STANDARDS FOR CRIMINAL JUSTICE: SENTENCING §18-7.1 (3d ed. 1994) ("The rules of procedure should authorize a sentencing court, upon motion . . . to reduce the severity of any sentence. The rules should restrict the time for reduction in severity of a sentence to a specified period after imposition of a sentence.").

[18] *See, e.g.,* R.I. Super. Ct. R. Crim. P. 35, historical note (1972) (noting such a provision is "intended to provide the court with an opportunity during a limited period after sentencing to exercise leniency in the event the court, for some reason, determines that the sentence imposed was unduly severe or a shorter sentence would be desirable").

[19] *In re Nichols*, 2004 WL 1790142, at *1 (Del. Super. Ct. July 20, 2004); *State v. Lewis*, 797 A.2d 1198, 1205 (Del. 2002) (Steele, J., dissenting) ("after 90 days . . . the judiciary may not consider [an inmate's plea for leniency] except where 'extraordinary circumstances' may have prevented the applicant from seeking the remedy on a timely basis"). *See, e.g., Tinsley*, 928 P.2d at 1223-24 (the time limit exists so that trial court does not have nearly boundless continuing authority to reduce a defendant's sentence); *State v. Jensen*, 429 N.W.2d 445, 446-47 (N.D. 1988) (120-day time limitation is jurisdictional).

[20] *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

sentence."[21]  Unlike the 90-day jurisdictional limit with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception. Instead, this bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[22]

(11)  When considering applications for postconviction relief under its criminal rules, this Court addresses any applicable procedural bars before turning to the merits.[23]  So too here.  This policy protects the integrity of the Court's rules and the finality of its judgments.  Addressing the merits of a case that does not meet procedural requirements effectively renders our procedural rules meaningless.[24]

---

[21]   Super. Ct. Crim. R. 35(b) (emphasis added).

[22]   *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002).  *See also Jenkins v. State,* 2008 WL 2721536, at *1 (Del. July 14, 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions"); *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004) ("motion was repetitive, which also precluded its consideration by the Superior Court"); *Duffy v. State*, 1998 WL 985332, at *1 (Del. Nov. 12, 1998) (as court had denied original, timely Rule 35(b) motion, "Rule 35(b) ceased to be a viable option" for seeking sentence reduction).

[23]   *See, e.g.*, *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002). *See also Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255 (1989)).

[24]   *See State v. Chao*, 2006 WL 2788180, at *5 (Del. Super. Ct. Sept. 25, 2006) ("To protect the integrity of the procedural rules, the Court should not consider the merits of a postconviction claim where a procedural bar exists."); *State v. Jones*, 2002 WL 31028584, at *2 (Del. Super. Ct.  Sept. 10, 2002) (citing *State v. Gattis*, 1995 WL 790961, at *3 (Del. Super. Ct. Dec. 28, 1995)) (same).

(12) Consideration of whether any inmate can avoid Rule 35(b)'s time bar may require an examination of the substance of any claimed "extraordinary circumstances." Whereas the determination of whether a Rule 35(b) application is repetitive is relatively facile. In turn, when evaluating whether an inmate's application meets the procedural requirements of Rule 35(b), the Court should first determine whether it is repetitive.[25] The Court does so here.

(13) Even if Reed's untimeliness were excusable, which he makes no attempt to demonstrate, "th[is] . . . Court [i]s, nevertheless, compelled to deny the motion as repetitive."[26] Thus, relief on this, Reed's third reduction request, is "barred by the prohibition in Rule 35(b) on repetitive motions."[27]

---

[25] *See, e.g., In re Desmond*, 2014 WL 5342267, at *2 (Del. Oct. 20, 2014) (recognizing in the extraordinary writ context the courts' need to engage summary procedures so that they need not "continue to invest scarce judicial resources in addressing repetitive and frivolous claims"); *Brown v. State*, 2014 WL 4264923, at *3 (Del. Aug. 28, 2014) (same for postconviction proceedings); *State v. Anderson*, 2014 WL 5169321, at *2 (Del. Super. Ct. Oct. 10, 2014) (same).

[26] *Cochran v. State*, 2005 WL 3357633, at *1 (Del. Dec. 8, 2005).

[27] *Davis v. State*, 1999 WL 486736, at *1 (Del. May 10, 1999).

**NOW, THEREFORE, IT IS ORDERED** that Devon D. Reed's third motion for reduction of sentence is **DENIED**.

/s/ *Paul R. Wallace*

Paul R. Wallace, Judge

Original to Prothonotary
cc: Mark A. Denney, Deputy Attorney General
　　Mr. Devon D. Reed, *pro se*
　　Investigative Services Office