KELLY T. HENRY, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 229-2009.
Supreme Court of Delaware.
Submitted: July 16, 2009.
Decided: October 13, 2009.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 13th day of October 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The appellant, Kelly T. Henry, filed this appeal from the Superior Court's March 31, 2009 order denying his motion for modification of sentence under Superior Court Criminal Rule 35. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In June 2004, Henry pled guilty to Possession of Ammunition by a Person Prohibited and was sentenced to six years at Level V suspended after two years for four years at Level IV suspended after six months for probation. In January 2008, Henry was found guilty of having violated his probation (VOP) and was sentenced to three years at Level V suspended after two years for one year at Level IV suspended after three months for probation.
(3) On March 23, 2009, Henry filed a motion for modification of his VOP sentence pursuant to Superior Court Criminal Rule 35(b) ("Rule 35(b)"). Henry sought a modification of sentence on the basis of his employment prior to incarceration, performance on Level III probation, efforts to complete his GED, and regular attendance at education classes.
(4) Relief under Rule 35(b) is a discretionary function of the Superior Court.[2] On a Rule 35(b) motion that is filed more than ninety days after the sentence is imposed, the Superior Court will consider a sentence modification "only in extraordinary circumstances" or pursuant to title 11, section 4217 of the Delaware Code.[3] In this case, using a preprinted form, the Superior Court denied Henry's sentence modification motion for several reasons, including that the motion was not filed within ninety days of sentencing, and "[t]he Court [did] not find the existence of any extraordinary circumstances."[4] This appeal followed.
(5) In his opening brief on appeal, Henry argues that the Superior Court "had an obligation to supply written findings regarding whether he met the burden of showing extraordinary circumstances." Moreover, Henry argues that the factual bases he proffered in support of his motion constituted extraordinary circumstances warranting a sentence modification. Henry's arguments are without merit.
(6) "[T]his Court has held that participation in educational and rehabilitative programs, while commendable, is not in and of itself sufficient to establish extraordinary circumstances warranting review of an untimely motion for sentence modification."[5] Relief for such achievements is more properly addressed by the parole board under title 11, section 4217 of the Delaware Code, if applicable.
(7) We can discern no error or abuse of discretion in the Superior Court's denial of Henry's motion. We agree with the Superior Court that Henry has not alleged any extraordinary circumstances that would justify considering his untimely sentence modification motion. Moreover, we conclude that the preprinted order issued by the Superior Court in this case adequately set forth the Court's reasoning when denying the motion.
NOW, THERFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Supr. Ct. R. 25(a).
[2] Rondon v. State, 2008 WL 187964 (Del. Supr.) (citing Mayes v. State, 604 A.2d 839 (Del. 1992); Shy v. State, 246 A.2d 926 (Del. 1968)).
[3] Del. Super. Ct. Crim. R. 35(b). See Del. Code Ann. tit. 11, § 4217 (2007) (establishing a procedure to permit the Department of Correction to apply for a modification of an offender's sentence for good cause shown, including exceptional rehabilitation, when the Department certifies that the release of the offender shall not constitute a substantial risk to the community or the offender). Colon v. State, 900 A.2d 635, 638 (Del. 2006). Section 4217 is not applicable here because the Department of Correction did not move to modify Henry's sentence.
[4] As additional reasons for denying the motion, the Superior Court concluded that Henry was "not amenable to probation at this time," and the sentence was "appropriate for all the reasons stated at the time of sentencing."
[5] Morgan v. State, 2009 WL 1279107 (Del. Supr.) (citing Triplett v. State, 2008 WL 802284 (Del. Supr.)).