# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,     )
     )
     )
v.     )     **ID No. 1211004943**
     )
MARIA V. RIVERA,     )
     )
     Defendant.     )

Submitted: July 11, 2014
Decided: August 11, 2014

## ORDER DENYING MOTION TO REDUCE SENTENCE

This 11th day of August, 2014, upon consideration of the Defendant's

Motion for Sentence Reduction, and the record in this matter, it appears to

the Court that:

(1) In February 2013, Maria V. Rivera pleaded guilty to

Aggravated Possession of Heroin (as a class B felony) and Conspiracy

Second Degree at a fast-track violation of probation ("VOP") calendar.[1] She

---

[1] *See Perry v. State*, 741 A.2d 359, 361 n.3 (Del. 1999) ("The Delaware Superior Court [ ] places a VOP case on the 'fast track' calendar when the violator has been charged with new crimes.") Rivera was on that calendar because she was serving a probated sentence for her 2011 heroin trafficking and conspiracy convictions when she committed these new drug crimes. *See* Sentencing Order, *State v. Maria Rivera*, ID No. 1009020978 (Del. Super. Ct. Mar. 7, 2011). Those VOPs were dismissed in return for Rivera's plea agreement and sentencing in this matter.

was immediately sentenced to serve, *inter alia*, 15 years at Level V suspended after serving 5 years followed by diminishing levels of supervision. The sentence has an effective date of November 2, 2012, and the first two years of the sentence is a minimum term of incarceration that must be imposed and cannot be suspended or reduced.[2]

(2)     Rivera filed the present motion under Superior Court Criminal Rule 35(b) requesting reduction of her Level V term.[3] Rivera claims that her term of imprisonment should be reduced because: (1) she has been "successfully rehabilitated"; (2) she has been approved to work in her current facility's Building Worker Program; and (3) her case may have been effected by the "Medical Examiner Lab Investigation."[4] The Court may

---

[2]     DEL. CODE ANN. tit. 16, § 4752 (2012); *id*. at tit. 11, §§ 4205(b)(2) & (d) (sentence "[f]or a class B felony [is] not less than 2 years . . . [and any] minimum, mandatory, mandatory minimum or minimum mandatory sentence [ ] required by subsection (b) of [§ 4205] . . . shall not be subject to suspension by the court"). *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[3]     Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion).

[4]     In February 2014, Delaware law enforcement officials commenced a "thorough investigation of [the Office of the Chief Medical Examiner ("OCME") - Controlled Substances Unit] operations based upon irregularities identified in evidence that had been submitted to that laboratory." DEL. ATT'Y GEN., INVESTIGATION OF MISSING DRUG EVIDENCE:     PRELIMINARY     FINDINGS,     at     1-2     (2014), http://www.attorneygeneral.delaware.gov/documents/OCME_Controlled_Substances_Unit_investigation_preliminary_findings.pdf (last visited August 9, 2014). A preliminary public report of that investigation related that "[s]ystemic operational failings of the OCME resulted in an environment in which drug evidence could be [and was] lost, stolen

consider such a motion "without presentation, hearing or argument."[5] The Court will decide this motion on the papers filed.

(3) The intent of Superior Court Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[6] Where a motion for reduction of sentence is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment. The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate.[7]

(4) Thereafter, an inmate seeking to reduce a sentence of imprisonment on her own motion must demonstrate "extraordinary

___

or altered, thereby negatively impacting the integrity of many prosecutions" between 2010 and 2013. *Id.*

[5] Super. Ct. Crim. R. 35(b).

[6] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (*per curiam*).

[7] *See United States v. Ellenbogan*, 390 F.2d 537, 541, 543 (2d Cir. 1968) (explaining time limitation and purpose of then-extant sentence reduction provision of Federal Criminal Rule 35, the federal analogue to current Superior Court Criminal Rule 35(b)); *see also United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973) (Rule 35 allows sentencing court "to decide if, on further reflection, the original sentence now seems unduly harsh" . . . such request "is essentially a 'plea for leniency.'") (citations omitted).

circumstances" for the granting of relief under the rule.[8]  Because Criminal

Rule 35(b) provides that the Court may reduce a sentence upon application

outside of 90 days of the imposition of the sentence ***only*** in extraordinary

circumstances[9] or pursuant to 11 *Del. C.* § 4217.[10]

(5)    Rivera's allegation that her case may be affected by a current

investigation of evidence tampering at the former Office of the Chief

Medical Examiner,[11] *i.e.*, that the integrity of her conviction might now be

questioned, is not cognizable under Rule 35.  A motion to reduce a sentence

under Rule 35 presupposes a valid conviction.[12]  So if relief for such a claim

---

[8]    *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court only has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, unless 'extraordinary circumstances' are shown.").

[9]    Super. Ct. Crim. R. 35(b) ("The court will consider an application [to reduce a sentence of imprisonment] made more than 90 days after the imposition of sentence only in extraordinary circumstances . . . .").

[10]    *Id.* ("The court will consider an application [to reduce a sentence of imprisonment] made more than 90 days after the imposition of sentence [or] only . . . pursuant to 11 Del. C. § 4217."). DEL. CODE ANN. tit. 11, § 4217 (2014) (permits the Department of Correction to apply for an offender's sentence modification); *Woods v. State*, 2003 WL 1857616, at *1 (Del. Apr. 8, 2003) (Department of Correction has sole discretion to file such a petition).

[11]    The Office of the Chief Medical Examiner was recently abolished and the Division of Forensic Science established within the Department of Safety and Homeland Security.  The Division of Forensic Science now has all the powers, duties, and functions that were vested in the Forensic Science Laboratory of Office of the Chief Medical Examiner. 79 DEL. LAWS c. 265 (2014).

[12]    *See State v. Lewis*, 797 A.2d 1198, 1200 (Del. 2002) ("Rule 61 addresses post-conviction relief, which requires a legal challenge to the conviction, whereas Rule 35(b) allows a reduction of sentence, without regard to the legality of the conviction."); *see also*

-4-

is even available to Rivera any longer, it would only be so via postconviction proceedings which provide a procedure for a criminal defendant to seek to set aside a conviction.[13] And none of the remaining grounds for relief cited by Rivera in her sentence reduction motion are those which qualify as "extraordinary circumstances" under Rule 35(b).[14]

(6) In turn, the Court must deny Rivera's motion to reduce her sentence. If she is to obtain such relief on the grounds she posits here,

---

*Poole v. United States*, 250 F.2d 396, 401 (D.C. Cir. 1957) (Rule 35 motion for reduction of sentence "is essentially a plea for leniency and presupposes a valid conviction. . . . It is wholly inappropriate to test [via Rule 35] the propriety of allowing a guilty plea to stand.").

[13] *See Wilson v. State,* 2006 WL 1291369, at *1 n.3 (Del. May 9, 2006) (explaining that court should "consider the true substance of [an inmate's] claim" to discern whether it is relief either under Rule 61 or under Rule 35 that is cognizable); *see also Childress v. State*, 1999 WL 971087, at *1 (Del. Oct. 5, 1999) ("The narrow function of Rule 35 is to permit the correction of an illegal sentence [or a sentence imposed in an illegal manner] . . . Rule 61 governs the procedure upon which a person may attack a conviction.").

[14] *DeShields v. State*, 2012 WL 1072298, at *1 (Del. Mar. 20, 2012) ("This Court has held that participation in educational and rehabilitative programs, while commendable, does not, in and of itself, constitute 'extraordinary circumstances' for purposes of Rule 35(b)."); *Allen v. State,* 2002 WL 31796351, at *1 (Del. Dec. 11, 2002) (no "extraordinary circumstances" where defendant maintained a commendable behavioral record and completed several educational and treatment programs); *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Ct. Sept. 25, 2002) ("Exemplary conduct and/or successful rehabilitation do not qualify as extraordinary circumstances within the purview of Rule 35 and are insufficient grounds for supporting a Rule 35 reduction of sentence.").

Rivera must seek modification through the procedures of Section 4217 of Title 11.[15]

    **NOW, THEREFORE, IT IS ORDERED** that Maria V. Rivera's motion for reduction of sentence is **DENIED**.

_____

Paul R. Wallace, Judge

Original to Prothonotary

cc:  Andrew J. Vella, Deputy Attorney General
     Ms. Maria V. Rivera, *pro se*
     Investigative Services Office

---

[15]   *Henry v. State,* 2009 WL 3286068, at *1 (Del. Oct. 13, 2009) ("Relief for such achievements is more properly addressed by the parole board under title 11, section 4217 of the Delaware Code, if applicable."); *Ketchum v. State*, 2002 WL 1290900, at *1 (Del. June 10, 2002) (completion of numerous programs not "extraordinary circumstances"; instead such circumstances might warrant court to instruct defendant to seek DOC's recommendation for 11 *Del. C.* § 4217 relief).