# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,      )
                          )
                          )
**v.**                        )      **ID Nos. 1402017943 &**
                          )             **1302018880**
                          )
**HORACE D. JOHNSON,**    )
                          )
          **Defendant.**    )

Submitted: June 1, 2015
Decided: June 8, 2015

## ORDER DENYING MOTION TO REDUCE SENTENCE

This 8th day of June, 2015, upon consideration of the Defendant's Motion for Sentence Reduction, and the record in this matter, it appears to the Court that:

(1)    On August 26, 2014, Horace D. Johnson pleaded guilty to Possession of a Destructive Weapon (a sawed-off shotgun) and Drug Dealing - Marijuana (as a class C felony). In the same agreement, Johnson admitted to a then-pending violation of probation ("VOP") from a prior drug dealing-heroin conviction.[1] He was immediately sentenced to serve:

---

[1]    Plea Agreement and TIS Guilty Plea Form, *State v. Horace D. Johnson*, ID Nos. 140217943 and 1302018880 (Del. Super. Ct. Aug. 26, 2014).

(1) VOP-drug dealing – 18 months at Level V;[2] possession of the sawed-off shotgun – five years at Level V suspended after Johnson serves six months of imprisonment; and drug dealing – 15 years at Level 5 suspended in its entirety for periods of Level IV supervision and intensive probation.[3] The Court ordered that the unsuspended Level V periods are to run consecutively.[4]

(2)    Johnson filed no direct appeal from his convictions or sentence.

(3)    Instead, Johnson has now docketed the present motion under Superior Court Criminal Rule 35(b) requesting reduction of his cumulative two-year Level V term by six months.[5] In short, Johnson asks the Court to convert the entire period of imprisonment imposed for the sawed-off shotgun count to additional Level IV time. According to Johnson, his term

---

[2]    VOP Sentencing Order, *State v. Horace D. Johnson*, ID No. 1302018880 (Del. Super. Ct. Aug. 26, 2014).

[3]    Sentencing Order, *State v. Horace D. Johnson*, ID No. 1402017943 (Del. Super. Ct. Aug. 26, 2014).

[4]    *See* DEL. CODE ANN. tit. 11, § 3901(d) (2014) (providing that the Court "shall direct whether the sentence of confinement . . . shall be made to run concurrently or consecutively with any other sentence of confinement imposed on such criminal defendant").

[5]    Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

of imprisonment should be reduced because of his rehabilitative efforts while in prison and his life plans for when he is released.[6]

(4)  The Court may consider such a motion "without presentation, hearing or argument."[7]  The Court will decide this motion on the papers filed.

(5)  When considering motions for sentence reduction, this Court addresses any applicable procedural bars before turning to the merits.[8] Johnson was sentenced on August 26, 2014; his sentence reduction motion was docketed on June 1, 2015 – that is, more than nine months after the imposition of his sentence.

(6)  After 90 days have elapsed from sentencing, an inmate seeking to reduce a sentence of imprisonment on his own motion must demonstrate "extraordinary circumstances" for the granting of relief under Criminal Rule 35(b).[9]  This is because Rule 35(b) provides that the Court may reduce a

---

[6]  Def.'s Rule 35(b) Mot., at 2.

[7]  Super. Ct. Crim. R. 35(b).

[8]  *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[9]  *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court only has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, unless 'extraordinary circumstances' are shown."); *State v. Laboy*, 2003 WL 21517974, at *4-5 (Del. Super. Ct. July 1, 2003) (explaining that Rule 35(b)'s "90-day time bar" and the "'extraordinary circumstances' exception" thereto).

sentence upon application outside of 90 days of the imposition of the sentence **only** in extraordinary circumstances[10] or pursuant to 11 *Del. C.* § 4217.[11]

(7)    In order to uphold the finality of sentencing judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a reduction motion is filed outside of 90 days of the sentence's imposition.[12]   The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[13]   And in the Rule 35(b) context, "extraordinary circumstances" are those which "specifically justify the delay;" are "entirely beyond a petitioner's control;" and "have prevented the applicant from seeking the remedy on a timely basis."[14]

---

[10]    Super. Ct. Crim. R. 35(b) ("The court will consider an application [to reduce a sentence of imprisonment] made more than 90 days after the imposition of sentence only in extraordinary circumstances . . . .").

[11]    *Id.* ("The court will consider an application [to reduce a sentence of imprisonment] made more than 90 days after the imposition of sentence [or] only . . . pursuant to 11 Del. C. § 4217."). DEL. CODE ANN. tit. 11, § 4217 (2014) (permits the Department of Correction to apply for an offender's sentence modification); *Woods v. State*, 2003 WL 1857616, at *1 (Del. Apr. 8, 2003) (Department of Correction has sole discretion to file such a petition).

[12]    *Diaz v. State*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015); *Redden*, 111 A.3d at 607.

[13]    *Diaz*, 2015 WL 1741768 at *2 (citing Black's Law Dictionary (10th ed. 2014)).

[14]    *Id.*; *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

(8) Johnson fails to allege grounds that substantiate the express "extraordinary circumstances" exception to overcome Rule 35(b)'s time-bar. In fact, the grounds he alleges have been specifically and consistently rejected by Delaware's courts as adequate to qualify as "extraordinary circumstances" under Rule 35(b).[15] Rather such claims are properly addressed under title 11, section 4217.[16]

---

[15] *See DeShields v. State*, 2012 WL 1072298, at *1 (Del. Mar. 20, 2012) ("This Court has held that participation in educational and rehabilitative programs, while commendable, does not, in and of itself, constitute 'extraordinary circumstances' for purposes of Rule 35(b)."); *Triplett v. State*, 2008 WL 802284, at *1 (Del. Mar. 27, 2008) ("[w]hile participation in rehabilitation programs is commendable, it is well-settled that such participation, in and of itself, is insufficient to merit substantive review of an untimely motion for sentence reduction"); *Allen v. State,* 2002 WL 31796351, at *1 (Del. Dec. 11, 2002) (no "extraordinary circumstances" where defendant maintained a commendable behavioral record and completed several educational and treatment programs); *Redden*, 111 A.3d at 607-08 (collecting cases and explaining reasons why rehabilitative efforts are not "exceptional circumstances" under Rule 35(b)); *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Ct. Sept. 25, 2002) ("Exemplary conduct and/or successful rehabilitation do not qualify as extraordinary circumstances within the purview of Rule 35 and are insufficient grounds for supporting a Rule 35 reduction of sentence.").

[16] *Henry v. State*, 2009 WL 3286068, at *1 (Del. Oct. 13, 2009). *Ketchum v. State*, 2002 WL 1290900 (Del. June 10, 2002) (completion of numerous programs not "extraordinary circumstances"; instead such circumstances might warrant court to instruct defendant to seek DOC's recommendation for 11 *Del. C.* §4217 relief); *Redden*, 111 A.3d at 608; *Liket*, 2002 WL 31133101 at *2 ("the purpose of 11 *Del. C.* § 4217 is to directly address modification of sentence based on a defendant's rehabilitation efforts . . . [and] is the appropriate governing statute through which Defendant may be entitled to a reduction in his sentence based on rehabilitation").

(9) Consequently, the Court must deny Johnson's motion to reduce his sentence.[17]

**NOW, THEREFORE, IT IS ORDERED** that Horace D. Johnson's motion for reduction of sentence is **DENIED**.

**/s/ Paul R. Wallace**
Paul R. Wallace, Judge

Original to Prothonotary

cc: Julie A. Finnochiaro, Deputy Attorney General
Mr. Horace D. Johnson, *pro se*
Investigative Services Office

---

[17]     Even if the Court could consider Johnson's motion on its merits, it would find sentence reduction unwarranted because: (1) the cumulative sentence was imposed when Johnson was found to have violated the terms of his probated sentence for a drug dealing crime by committing a new, more serious, drug dealing and weapons felony; and (2) the Court finds its original sentencing judgment is appropriate for the reasons found at the time it was rendered.